# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

ESTATE OF TIMOTHY DUNIVAN )
ex rel. SHERYL LATRICIA COLEMAN )
as Personal Representative, )
                                   )
             Plaintiff, )
                                   )
vs. ) Case No. CIV-15-92-M
                                   )
JANET DOWLING, individually and as )
WARDEN of the JAMES CRABTREE )
CORRECTIONAL CENTER and )
EMPLOYEE OF OKLAHOMA )
DEPARTMENT OF CORRECTIONS, )
et al., )
                                   )
             Defendants. )

## **ORDER**

Before the Court is defendants Janet Dowling, Robert Patton, Suzie Salinas, and Braden Stephens' ("State Defendants") Motion to Dismiss, filed June 1, 2015. On June 22, 2015, plaintiff filed its response.

Timothy Dunivan was an inmate in the custody of the Oklahoma Department of Corrections at the time of his death on March 29, 2014 and had been in custody since 2005. Mr. Dunivan was found stabbed to death on the floor of his cell at Joseph Crabtree Correctional Center early on the morning of March 29, 2014. It is alleged that defendant Kenneth Tate, another inmate, stabbed Mr. Dunivan to death.[1]

On January 28, 2015, plaintiff, the estate of Timothy Dunivan, represented by Sheryl Latricia Coleman as personal representative, filed the instant action against the State Defendants and

---

[1]Defendant Tate has been charged with First Degree Murder in Alfalfa County and, as of the date of this Order, that prosecution has not yet been resolved.

defendant Tate. Plaintiff asserts the following claims against the State Defendants: (1) a 42 U.S.C. § 1983 claim for cruel and unusual punishment (Count I), (2) a 42 U.S.C. § 1983 claim for failure to properly supervise, hire, and train (Count II), (3) a wrongful death claim (Count V), and (4) a negligence claim (Count VI). The State Defendants now move, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), to dismiss all claims against them.

Regarding the standard for determining whether to dismiss a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the United States Supreme Court has held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). Further, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* at 679 (internal quotations and citations omitted). Additionally, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* at 678 (internal quotations and citations omitted). A court "must determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (internal quotations and citation omitted). Further, "it is particularly important in [Section 1983 cases] that

the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state." *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008). Finally, "[a] court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

Having carefully reviewed plaintiff's complaint, the Court finds that the complaint fails to isolate the allegedly unconstitutional or negligent acts of each State Defendant and thereby does not provide adequate notice as to the nature of the claims against each. For example, paragraph 29 of the complaint alleges:

> <u>Defendants</u> had a duty to take reasonable steps to protect Dunivan's safety and bodily integrity from unreasonable harm at the hands of other inmates. <u>Defendants</u> failed in this by placing Dunivan under conditions which posed a risk of serious harm, and by being deliberately indifferent to his health and safety. <u>Defendants</u> knew and disregarded the excessive risk to Dunivan's health and safety by placing him in open dormitory housing with inmates with violent criminal histories, including Defendant Tate, while Dunivan was confined to a wheelchair and suffering from health problems that prevented him from defending himself or seeking assistance from <u>Defendants</u> in case of an attack, and allowing these conditions after Defendant [sic] had been threatened with serious physical harm from other inmates; and, by failing to properly manage, supervise, train, or hire their employees and agents.

Verified Complaint with Jury Demand at ¶ 29 (emphasis added). Further, the complaint does not set forth which, if any, of the State Defendants had direct contact with Mr. Dunivan, and for those defendants who had no direct contact, how they might be individually liable for the alleged deprivations of Mr. Dunivan's constitutional rights or for any alleged negligence.

3

Additionally, the Court finds that plaintiff has failed to set forth sufficient facts to state claims for cruel and unusual punishment, failure to properly supervise, hire, and train; wrongful death; and negligence. The majority of the allegations in plaintiff's complaint are simply conclusory allegations with no factual support. Further, there are no factual allegations as to the personal participation of any of the State Defendants. Plaintiff's complaint basically offers labels and conclusions and/or a formulaic recitation of the elements of the causes of action alleged.

Finally, regarding plaintiff's negligence claim, the Court finds that plaintiff's complaint is devoid of any allegations that plaintiff has complied with the provisions of the Oklahoma Governmental Tort Claims Act ("OGTCA"), Okla. Stat. tit. 51, §§ 151 et seq., prior to bringing the instant action. Further, the OGTCA provides, in pertinent part:

> The state or a political subdivision shall not be liable if a loss or claim results from:
>
>             \*            \*            \*
>
> 25. Provision, equipping, operation or maintenance of any prison, jail or correctional facility, or injuries resulting from the parole or escape of a prisoner or injuries by a prisoner to any other prisoner; .
> . . .

Okla. Stat. tit. 51, § 155(25). The Court finds plaintiff's negligence claim clearly falls within the above exemption and, thus, plaintiff has failed to state a negligence claim against the State Defendants.

Accordingly, for the reasons set forth above, the Court GRANTS the State Defendants' Motion to Dismiss [docket no. 13] and DISMISSES all claims against defendants Janet Dowling, Robert Patton, Suzie Salinas, and Braden Stephens.

**IT IS SO ORDERED this 9th day of September, 2015.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE