# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ESTATE OF TIMOTHY DUNIVAN ex rel. SHERYL LATRICIA COLEMAN as Personal Representative, ) ) ) ) Plaintiff, ) ) vs. ) ) JANET DOWLING, individually and as ) WARDEN of the JAMES CRABTREE ) CORRECTIONAL CENTER and ) EMPLOYEE OF OKLAHOMA ) DEPARTMENT OF CORRECTIONS, ) et al., ) ) Defendants. ) | Case No. CIV-15-92-M |

## ORDER

Before the Court is plaintiff's Motion to Alter, Amend, or Vacate Order to Dismiss, filed September 19, 2015. On October 6, 2015, defendants Janet Dowling, Robert Patton, Suzie Salinas, and Braden Stephens filed their response. On September 9, 2015, this Court granted defendants Janet Dowling, Robert Patton, Suzie Salinas, and Braden Stephens' Motion to Dismiss and dismissed all claims against these defendants. Plaintiff now moves the Court to reconsider and vacate its September 9, 2015 Order and restore the claims against defendants Janet Dowling, Robert Patton, Suzie Salinas, and Braden Stephens.

"Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct error or prevent manifest injustice." *Servants of the Paraclete v. John Does I-XVI*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion to reconsider is appropriate "where the court has misapprehended the facts, a

party's position, or the controlling law" but is not appropriate "to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*

Having carefully reviewed plaintiff's motion, the Court finds no grounds warranting reconsideration in the case at bar. Specifically, the Court finds no intervening change in the controlling law, no new evidence previously unavailable, and no need to correct clear error or prevent manifest injustice. The Court further finds it did not misapprehend the facts, it did not misapprehend plaintiffs' position, and it did not misapprehend the controlling law. In its motion, plaintiff simply reasserts arguments made in its response to the motion to dismiss and advances arguments that could have been raised in its response.

Accordingly, the Court DENIES plaintiff's Motion to Alter, Amend, or Vacate Order to Dismiss [docket no. 19].

**IT IS SO ORDERED this 13th day of January, 2016.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE